HEATHER E. WILLIAMS, Bar #122664
Federal Defender
TIMOTHY ZINDEL, Bar #158377
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
JORGE AARON RILEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORGE AARON RILEY,<br><br>Defendant. | Case No.  2:21-MJ-0013 DB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES RE DETENTION<br><br>Date:   January 27, 2021<br>Time:  2:00 p.m.<br>Judge: Hon. Carolyn K. Delaney |

The Court has no power under the Bail Reform Act to detain Mr. Riley.  The Act limits the power to order a defendant detained pending trial to a discrete list of circumstances, none of which are present here.  The Act instead requires the Court to release Mr. Riley pending trial.

**1.  Factual and Procedural Background.**

On January 18, 2021, an FBI Special Agent prepared a criminal complaint alleging that Mr. Riley committed three non-violent offenses in the District of Columbia on January 6, 2021, when he entered the U.S. Capitol along with thousands of others who had been called to a rally by the President of the United States, who hoped to stop Congress from certifying the results of the 2020 Presidential election so that he could remain in office.

The complaint alleges one felony, obstructing or impeding an official proceeding, 18 U.S.C. § 1512(c)(2); one Class A misdemeanor, knowingly entering a restricted building, 18

U.S.C. § 1752(a)(1) & (2); and one petty offense, disorderly conduct in the Capitol, 40 U.S.C. § 5104(e)(2)(D) & (G).  The charged offenses are all non-violent.  While the face-sheet of the complaint labels the petty offense charge as "violent entry," the provisions of the charged Title 40 offense prohibit only "loud, threatening, or abusive language, or . . . disorderly conduct" (subd. (e)(2)(D)) or to "parade, demonstrate, or picket" (subd. (e)(2)(G)).

At Mr. Riley's first appearance on January 20, 2021, the government made a routine motion to detain Mr. Riley "on the basis of flight and danger."  Hearing was continued to January 25 so that Pretrial Services could interview Mr. Riley, which it was able to do this morning.  At the continued hearing on January 25, defense counsel objected that the Court lacked authority under the Bail Reform Act to detain Mr. Riley, considering the nature of the charges and the absence of any factor authorizing pretrial detention.  The Court ordered briefing on the objection.

The sole question addressed in this memorandum is whether the Court has power to detain Mr. Riley pretrial without first finding that the case involves one of the circumstances listed at 18 U.S.C. § 3142(f), the part of the Bail Reform Act that authorizes a "detention hearing" rather than release on personal recognizance, unsecured bond, or other conditions.

**2.  The Law Requires the Court to Release Mr. Riley.**

The Bail Reform Act, 18 U.S.C. § 3141 et seq., gives the Court discrete options "[u]pon the appearance . . . of a person charged with an offense" who is brought before the Court for the first time, in or out of custody.  18 U.S.C. § 3142(a).  The government has moved the Court to order Mr. Riley "detained," an action that must be done "under subsection (e)" of section 3142. 18 U.S.C. § 3142(a)(4).

Under subsection (e), a person may be ordered detained only "after a hearing pursuant to the provisions of subsection (f)" of section 3142.  Subsection (f) carefully circumscribes the conditions under which the court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community."  If none of these circumstances exist, the Court has no power to detain a person pretrial.  Instead, it must "issue an order that, pending

trial, the person be" either "released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b)" or, if such a release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," it may release the person subject to the conditions listed at subsection (c).  18 U.S.C. § 3142(a).

Subsection (f), "Detention hearing," lists seven conditions that must be met before the Court may order a person detained pretrial.  Subsection (f)(1) lists five conditions upon which an "attorney for the Government" may move the Court to hold a detention hearing.

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>
> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code;

Subsection (f)(2) lists two conditions upon which either "the attorney for the Government" or the court itself may hold a detention hearing:  "in a case that involves" either "(A) a serious risk that such person will flee" or "(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

None of these factors is present in this case. Mr. Riley is not charged with a crime of violence, an offense with a maximum term of life imprisonment or death, or a drug offense; he has not been convicted of "two or more offense" falling into these categories; and he is not accused of a crime "that involves a minor victim" or a "firearm or destructive device." He poses no risk of flight, having been arrested at his home during a widely-publicized effort to identify and arrest persons who entered the Capitol building on January 6; the complaint states that he posted his address on Facebook after entering the Capitol along with the comment, "I'm right here." And he poses no risk of obstructing justice: the evidence detailed in the complaint consists of his own Facebook postings, a contemporaneous video-recorded interview, and selfies.

The Supreme Court held in 1987 that a "detention hearing" may be held only if one of the factors enumerated in section 3142(f) is present. *United States v. Salerno*, 481 U.S. 739, 747 (1987). "The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes. *See* 18 U.S.C. § 3142(f) (detention hearings available if case involves crimes of violence, offenses for which the sentence is life imprisonment or death, serious drug offenses, or certain repeat offenders)." Section 3142(f) "operates only on individuals who have been arrested for a specific category of extremely serious offenses." *Id.* at 750. These limitations are what make the Act consistent with the Constitution.

Courts of Appeal, including the Ninth Circuit, have also ruled that detention is unlawful unless one of the circumstances set forth in subsection (f) is present in the case. In *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003)(*per curiam*)(reh'g *en banc* denied, 362 F.3d at 1163 (9th Cir. 2004)), the Court wrote:

> We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation of the Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2). Our interpretation is in accord with our sister circuits who have ruled on this issue. *See United States v. Byrd*, 969 F.2d 106 (5th Cir.1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir.1988); *United States v. Himler*, 797 F.2d 156 (3d Cir.1986).

The Court in *Twine* held that a man charged with felon in possession of a firearm could not be detained pretrial because the charge "is not a crime of violence for purposes of the Bail Reform Act." In 2006, Congress amended subsection (f) to add "any felony that is not otherwise a crime

of violence that . . . involves the possession . . . of a firearm" to the list of offenses for which a detention hearing could be held, thus undoing *Twine*'s ruling as to persons charged with violating 18 U.S.C. § 922(g).  But the amendment did not change the rule of *Twine* that detention is limited to cases falling into one of the categories listed in subsections (f)(1) and (f)(2).

Other Circuits follow the same rule, limiting the detention power to cases falling into one of the categories enumerated in subsection (f).  In *United States v. Ploof*, the First Circuit held that evidence of defendant's plan to kill someone did not justify detention when the only crimes charged were white-collar.  851 F.2d 7, 11 (1st Cir. 1988).  The Court held, "Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists."  *Id.*  In *United States v. Byrd,* 969 F.2d 106, 110 (5th Cir. 1992), the Fifth Circuit vacated a detention order because the government could not establish that to knowingly receive child pornography through the mail was covered by section 3142(f) (a holding also undermined by a subsequent amendment to subsection (f) extending the list of covered cases to include a case "that involves a minor victim").  The Court held that a detention hearing "can be held only if one of the . . . circumstances listed in (f)(1) and (2) is present" and that "[d]etention can be ordered . . . only 'in a case that involves' one of the . . . circumstances listed in (f)."  *Id.* at 109 (quoting 18 U.S.C. § 3142(f)).  The District of Columbia Circuit Court of Appeals says, "[d]etention until trial is relatively difficult to impose.  First, a judicial officer must find one of six circumstances triggering a detention hearing. See 18 U.S.C. § 3142(f).  Absent one of these circumstances, detention is not an option."  *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999).

It seems to have become a common local practice to ignore this important limitation on the detention power.  The Pretrial Services report takes detention for granted, although the office used to routinely recognize the statutory limitation, especially before the Act was amended to add child pornography and firearms offense to subsection (f).  Those offenses were common in this district before subsection (f) was amended and persons charged with them were released rather than detained.  It may be a good time to remind everyone of the basic principles of pretrial release described 35 years ago by the Ninth Circuit in *United States v, Motamedi*, 767 F.2d 1403,

5

1405 (9th Cir. 1985).

[F]ederal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail. *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 1 (1951); *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir.1972). Only in rare circumstances should release be denied. *Sellers v. United States*, 89 S.Ct. 36, 38, 21 L.Ed.2d 64 (1968) (Black, J., in chambers); *United States v. Schiavo*, 587 F.2d 532, 533 (1st Cir.1978); *United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir.), cert. denied, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978). Doubts regarding the propriety of release should be resolved in favor of the defendant. *Herzog v. United States*, 75 S.Ct. 349, 351, 99 L.Ed. 1299 (1955) (Douglas, J., in chambers); *United States v. McGill*, 604 F.2d 1252, 1255 (9th Cir.1979), cert. denied, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671 (1980).

The law requires the Court to order Mr. Riley released pending trial.

                    Respectfully submitted,

                    HEATHER E. WILLIAMS
                    Federal Defender

Date: January 25, 2021          */s/ T. Zindel*
                    TIMOTHY ZINDEL
                    Assistant Federal Defender
                    Counsel for JORGE AARON RILEY