MCGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

TROY A. EDWARDS, JR.
Assistant United States Attorney
U.S. Attorney's Office – District of Columbia
Telephone: (202) 258-1251

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-MJ-0013 DB |
| Plaintiff, | UNITED STATES OPPPOSITION TO RELEASE OF DEFENDANT |
| v. | DATE: January 27, 2021<br>TIME: 2:00 P.m.<br>COURT: Hon. Carolyn K. Delaney |
| JORGE AARON RILEY, | |
| Defendant. | |

### I.   INTRODUCTION

The narrow legal issue at hand is whether the Court has the legal authority to hold a detention hearing in this case. The answer is clear: pursuant to 18 U.S.C. § 3142(f)(2), the Court has the authority to hold a hearing to determine whether any conditions can reasonably assure the appearance of the defendant and the safety of any person and the community if the defendant presents a serious risk of flight or obstruction of justice. In fact, the Court can make its "*own* motion" for such a hearing in these circumstances. *See id.* at § 3142(f)(2) (emphasis added). The defendant's position to the contrary that the Court has no power to detain the defendant conflates the preliminary question of whether the Court can hold a detention hearing in the first place (governed by Section 3142(f)), with the later question of whether there is sufficient evidence to warrant detention after holding such a hearing (governed by

Section 3142(g)). The Court has the legal authority to—and should—hold a detention hearing in this case.

## II. FACTUAL BACKGROUND

Between January 5 and January 8, 2021, the defendant posted over 150 messages, photographs, and videos on his public Facebook account, documenting his thoughts and actions as he stormed the United States Capitol on January 6. On January 6, a joint session of the United States Congress planned to and did convene at the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020.

On January 5, the defendant posted, "Do you really not get what is going to happen on the 6th? I absolutely am looking forward to that and NO MATTER WHAT THERE IS NOTHING THAT CAN STOP IT!!!!" The next day, after traveling from Sacramento, California to Washington D.C., he posted "Today at noon, the Election is being challenged." On his way to the Capitol, the defendant posted a video with a large number of other individuals and the Capitol in the foreground, stating "There's 100's of thousands of people marching on the Nation's Capitol!!!" About thirty minutes later, he added "Hey We're storming the Capitol…. what are you doing?"

Then the defendant broke into the U.S. Capitol with hundreds of other rioters. In a photograph of himself and others in the Capitol, he wrote, "I'm in the front where do you think I am." In over 100 photographs, the defendant documented where he and others unlawfully entered and marched around the Capitol. Afterward, he gave a video-recorded interview outside the Capitol and explained that he and others pushed their way to the office of United States Speaker of the House Nancy Pelosi and yelled, "Fuck you, Nancy Pelosi!" According to the defendant, it was a "physical takeover of the Capitol," and he and others "stopped the steal, because [legislators] were in there and they weren't going to stop the steal, so we stopped the steal. We took our country back."

On January 18, 2021, the defendant was charged by Complaint with three offenses: (1) obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); (2) knowingly entering restricted buildings, and engaging in disorderly or disruptive conduct to impede the orderly conduct of Government business, in violation of 18 U.S.C. § 1752(a)(1) and (2); and (3) violently entering and engaging in disorderly conduct in the Capitol, in violation of 40 U.S.C. §5104(D) and (G). On January

19, 2021, the FBI arrested the defendant on these charges, and the government requested the Court detain him pending trial. The defendant now argues the Court has no lawful authority to detain the defendant.

### III.  LEGAL ANALYSIS

Pursuant to 18 U.S.C. § 3142(a), when a defendant is arrested, the Court, in relevant part, "shall issue an order that, pending trial, the person be (1) released on personal recognizance …; (2) released on a condition or a combination of conditions …; or (4) detained under subsection (e)." Detaining a defendant under Section 3142(e) requires a hearing "pursuant to the provisions of subsection (f)." *Id*. at § 3142(e).

According to Section 3142(f), there are limited circumstances in which the Court "shall hold a hearing to determine whether any condition or combination of conditions … will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); *see also United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003). First, under Section 3142(f)(1), the government may move for a detention hearing in cases that involve certain enumerated circumstances such as crimes of violence, death-eligible offenses, or firearms offenses. *See* 18 U.S.C. § 3142(f)(1)(A),(B), and (E). The government is not currently moving for a detention hearing under this section.

The heart of the legal question at issue rests in Section 3142(f)(2). There, the statute makes clear the Court "shall hold a hearing … upon motion of the attorney for the government or upon the judicial officer's own motion in a case, that involves (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. §3142(f)(2)(A) and (B). It is well established across the Ninth Circuit that a defendant is eligible for a detention hearing based on a serious risk of either flight or obstruction under Section 3142(f)(2), separate and apart from any of the categories listed in Section 3142(f)(1). *See, e.g., United States v. Hollingberry*, 2020 WL 2771773, at *3 (D. Ariz. May 28, 2020), *aff'd*, No. 20-10183, 2020 WL 5237342 (9th Cir. July 23, 2020) (concluding the government was entitled to seek detention given, in part, a serious risk of obstruction) (citing 18 U.S.C. § 3142(f)(2)(B)); *United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 782–83 (W.D. Wash 2019) (concluding that the

defendant was eligible for a detention hearing given, in part, a serious risk of flight) (citing 18 U.S.C. § 3142(f)(2)(A)).  One court has explicitly laid out the Court's authority to hold a detention hearing under Section 3142(f)(2), along with the authority to later detain the defendant:

> [S]ubsection (f)(2) gives the judicial officer or the Government the option of initiating a detention hearing in a case perceived to involve *only* a serious risk that the person will flee. § 3412(f)(2)(A).  It is illogical to have that power without the correlative ability at the hearing to determine that detention is indicated on the sole basis of a finding that no conditions will assure *appearance.*  Subsection (f)(2)(B) correspondingly provides for initiating such a hearing in a case that involves a serious risk of obstruction of justice or witness intimidation—a power which would make no sense if, upon hearing, the judicial officer were unable to detain based solely on a finding that no conditions will assure *safety.*

*United States v. Kouyoumdjian*, 601 F. Supp. 1506, 1509 (C.D. Cal. 1985).  Indeed, the defendant relies on a case in which the charges did not qualify for a hold request under Section 3142(f)(1), but the government sought a hold solely on the grounds that the defendant presented a risk of flight.  *See United States v. Motamedi*, 767 F.2d 1403, 1404 (9th Cir. 1985).  The Ninth Circuit did not reverse because the Court unlawfully held a detention hearing.  To the contrary, it published a lengthy analysis of the merits of pretrial holds based on flight risks and eventually concluded the government had not factually met its burden under Section 3142(g).  *See id.* at 1408–09.

If the Court finds a detention hearing is necessary under Section 3142(f), it then must consider enumerated factors to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.  18 U.S.C. § 3142(g).  Those factors include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person (including past conduct, history relating to drug or alcohol abuse, criminal history, and whether at the time of the offense the person was on release pending trial for any other offenses), and the nature and seriousness of the danger the person poses to any person or the community.  *Id*.

## IV.     ARGUMENT

Two independent reasons support holding a detention hearing in the defendant's case.  First, the defendant presents a serious risk of flight.  *See* 18 U.S.C. § 3142(f)(2)(A).  The charged crimes did not

take place in this District or even the State in which this District is located. And the defendant is mobile: not three weeks ago, he traveled thousands of miles to Washington, D.C., where he is alleged to have committed federal crimes. Moreover, the defendant did so while on release pending a trial for felony child cruelty charges in Sacramento County. The defendant's resources and will to travel across the country to engage in criminal endeavors at the very least present a risk of flight sufficient to warrant a detention hearing.

Second, a detention hearing is appropriate here because the defendant presents a serious risk of obstructing justice. *See* 18 U.S.C. § 3142(f)(2)(B). Indeed, the defendant is alleged to have participated in arguably one of the largest obstruction efforts in the history of the United States. Under 18 U.S.C. § 1512(c)(2), the defendant is specifically charged with obstructing, influencing, or impeding any official proceeding—here, the congressional proceedings to certify the 2020 United States Presidential Election. And, according to the defendant himself, he did so by storming the Capitol and harassing potential participants in that proceeding, including Speaker of the House Nancy Pelosi. A defendant willing to take these extraordinary steps to obstruct the certification of a Presidential election surely poses a serious risk of obstructing justice or intimidating witnesses involved in his own criminal case.

The defendant claims the Court has "no power under the Bail Reform Act to detain" him. Def. Mot. at 1. That claim is flawed in multiple respects. To the extent the defendant is arguing that the Court lacks legal power to determine whether to hold a hearing in the first place or to order the defendant detained at such a hearing, the defendant provides no authority for such a radical position—a position that the statutory language itself rejects by allowing a "judicial officer" to move for a detention hearing. *See* 18 U.S.C. § 3142(f)(2). If the defendant is instead arguing that the Court should not hold a detention hearing because the government has not satisfied the factors under Section 3142(f)(2),[1] that argument fails for the reasons above. And if the defendant is arguing that he should not be detained, that argument is premature. The Court must first decide whether to hold a detention hearing under Section 3142(f), at which the parties can make arguments as to whether the Court can or should detain the defendant under the factors set out in Section 3142(g). In the event the Court grants a hearing, the

---

[1] The government does not rely on 18 U.S.C. § 3142(f)(1).

government will be prepared to present a host of facts to the Court in aid of its position that there are no combination of conditions that will reasonably assure the defendant's appearance as required or the safety of any other person or the community. *See* 18 U.S.C. § 3142(g).

### V. CONCLUSION

For the foregoing reasons, the government requests the Court overrule the defendant's objection and hold a detention hearing in this case pursuant to 18 U.S.C. § 3142(f)(2).

Dated: January 26, 2021

McGREGOR W. SCOTT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
TROY A. EDWARDS, JR.

Assistant United States Attorneys